CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, <br><br> Plaintiff, <br><br> v. <br><br> **Napa Downtown Retail, Inc.**, a California Corporation, dba Abide Napa; <br><br> Defendants. | **Case No**. <br><br> **Complaint for Damages and Injunctive Relief for Violations of:** American's With Disabilities Act; Unruh Civil Rights Act <br><br> **NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Andres Gomez ("Plaintiff") complains of Napa Downtown Retail, Inc., a California Corporation, dba Abide Napa ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff uses Talkback or similar software to navigate websites and applications on

1

Complaint

1   electronic devices. Plaintiff is legally blind[1] and cannot use an electronic
2   device without assistance of screen-reader software ("SRS")

3       2.   Defendant Napa Downtown Retail, Inc. ("Napa Downtown Retail,
4   Inc."), owned or operated Abide located in Napa County, California, in March
5   2021 and August 2021.

6       3.   Defendant Napa Downtown Retail, Inc. owns or operates Abide located
7   in Napa County, California, currently.

8       4.   Defendant Napa Downtown Retail, Inc. owned or operated Abide
9   website, with a root domain of: https://abidenapa.com/ and all related
10  domains, sub-domains and/or content contained within it, ("Website") in
11  March 2021 and August 2021.

12      5.   Defendant Napa Downtown Retail, Inc. owns or operates Abide's
13  Website currently.

14      6.   Plaintiff does not know the true names of Defendants, their business
15  capacities, their ownership connection to the property and business, or their
16  relative responsibilities in causing the access violations herein complained of,
17  and alleges a joint venture and common enterprise by all such Defendants.
18  Plaintiff is informed and believes that each of the Defendants herein, is
19  responsible in some capacity for the events herein alleged or is a necessary
20  party for obtaining appropriate relief. Plaintiff will seek leave to amend when
21  the true names, capacities, connections, and responsibilities of the Defendants
22  are ascertained.

23

24  **JURISDICTION & VENUE:**

25

---

26  [1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to
27  refer to individuals, including himself, who meet the legal definition of
28  blindness. (visual acuity of 20/200 or worse.) Some individuals who meet
    these criteria have no vision, others have limited vision.

Complaint

1    7.   The Court has subject matter jurisdiction over the action pursuant to 28

2    U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

3    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

4    8.   This court has supplemental jurisdiction over Plaintiff's non-federal

5    claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are

6    formed from the same case and/or controversy and are related to Plaintiff's

7    ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

8    9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant

9    is subject to personal jurisdiction in this District due to its business contacts

10   with the District, and a substantial portion of the complained of conduct

11   occurred in this District.

12

13   **FACTUAL ALLEGATIONS:**

14   10. Plaintiff is a legally blind person and a member of a protected class

15   under the ADA. Plaintiff is proficient with and uses SRS to access the internet

16   and read internet content on electronic devices.

17   11. Plaintiff cannot use an electronic device without the assistance of

18   screen reader software. ("SRS").

19   12. Napa Downtown Retail, Inc. operates privileges, goods or services out

20   of a physical location in California. These services are open to the public,

21   places of public accommodation, and business establishments.

22   13. The Website is a nexus between Napa Downtown Retail, Inc.'s

23   customers and the terrestrial based privileges, goods or services offered by

24   Napa Downtown Retail, Inc.

25   14. The Napa Downtown Retail, Inc. offers websites and digital booking as

26   some of the facilities, privileges, and advantages offered by Defendants to

27   patrons of the Napa Downtown Retail, Inc. in connection with their patronage

28   at the Napa Downtown Retail, Inc.

Complaint

15. Among the services offered include: details about the Cannabis and Napa Downtown Retail, Inc. itself, location and contact information; Napa Downtown Retail, Inc. policies; information about Cannabis on sale, deals and promotions without any ambiguity as to the amenities that would be available to the patron.

16. Plaintiff was a prospective customer who wished to access Defendant's goods and services of the Napa Downtown Retail, Inc.

17. Plaintiff visited the Website in March 2021 and August 2021 with the intent get information about cannabis dispensary and purchase.

18. When Plaintiff attempted to navigate the Website, Plaintiff encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS. Investigation into his experience revealed barriers, including, but not limited to:

    a. Images on the website lack a text equivalent readable by SRS.

    b. The website contains form elements that are not identified with functional text readable by SRS.

    c. The website contains script elements that are not identified with functional text readable by SRS.

    d. The visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements.

19. These inaccessible elements rendered the ostensibly "accessible" elements inaccessible as a result of difficulty and confusion navigating the numerous inaccessible elements.

20. Currently, the defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

4

Complaint

21. Despite multiple attempts to access the Website using Plaintiff's electronic device, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers on the Website.

22. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

23. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

24. Plaintiff has been deterred from returning to the Website as a result of these prior experiences.

25. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

26. If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website and find information on houses on sale.

27. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Napa Downtown Retail, Inc. and Website are accessible.

28. Plaintiff is currently deterred from doing so because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

29. The barriers identified above violate easily accessible, well-established industry standard guidelines for making websites accessible to people with visual-impairments that use SRS to access websites. Given the prevalence of

Complaint

1    websites that have implemented these standards and created accessible

2    websites, it is readily achievable to construct an accessible website without

3    undue burden on Napa Downtown Retail, Inc. or a fundamental alteration of

4    the purpose of the Website.

5        30. Compliance with W3C Web Content Accessibility Guidelines

6    ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a

7    standard that has been adopted by California courts for website accessibility.

8        31. It's been established that failure to remove these inaccessible conditions

9    violates the ADA and California law and requiring compliance with industry

10   access standards is a remedy available to the plaintiff.

11       32. The Website was intentionally designed, and based on information and

12   belief, it is the Defendants', policy and practice to deny Plaintiff access to the

13   Website, and as a result, denies the goods and services that are otherwise

14   available to patrons of the Napa Downtown Retail, Inc.

15       33. Due to the failure to construct and operate the website in line with

16   industry standards, Plaintiff has been denied equal access to Defendant's

17   dispensary and the various goods, services, privileges, opportunities and

18   benefits offered to the public by the Napa Downtown Retail, Inc.

19       34. Given the nature of the barriers and violations alleged herein, the

20   plaintiff alleges, on information and belief, that there are other violations and

21   barriers on the website, and/or at the Napa Downtown Retail, Inc., that relate

22   to his disability. In addition to the barriers he personally encountered, Plaintiff

23   intends to seek removal of all barriers on the Website that relate to his

24   disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that

25   once a plaintiff encounters one barrier, they can sue to have all barriers that

26   relate to their disability removed regardless of whether they personally

27   encountered the barrier).

28       35. Plaintiff will amend the complaint, to provide further notice regarding

Complaint

1  the scope of the additional demanded remediation in the event additional

2  barriers are uncovered through discovery. However, please be on notice that

3  the plaintiff seeks to have all barriers related to his disability remedied.

4

5  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

6  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

7  Defendants.) (42 U.S.C. section 12101, et seq.)

8     36. Plaintiff re-pleads and incorporates by reference, as if fully set forth

9  again herein, the allegations contained in all prior paragraphs of this

10  complaint.  The Napa Downtown Retail, Inc. is a public accommodation with

11  the definition of Title III of the ADA, 42 USC § 12181.

12     37. The website provided by the Defendant is a service, privilege or

13  advantage and extension of Napa Downtown Retail, Inc. physical presence

14  and terrestrial services.

15     38. When a business provides services such as a website, it must provide an

16  accessible website.

17     39. Here, an accessible website has not been provided.  A failure to provide

18  an accessible website is unlawful discrimination against persons with

19  disabilities.

20     40. Under the ADA, it is an act of discrimination to fail to ensure that the

21  privileges, advantages, accommodations, facilities, goods and services of any

22  place of public accommodation is offered on a full and equal basis by anyone

23  who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C.

24  § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make

25  reasonable modifications in policies, practices, or procedures, when such

26  modifications are necessary to afford goods, services, facilities, privileges,

27  advantages, or accommodations to individuals with disabilities, unless the

28  accommodation would work a fundamental alteration of those services and

Complaint

1  facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

2    41. Here, the failure to ensure that the accessible facilities were available
3  and ready to be used by the plaintiff is a violation of the law.

4    42. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights
5  set forth and incorporated therein, Plaintiff requests relief as set forth below.

6

7  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
8  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
9  Code § 51-53.)

10    43. Plaintiff repleads and incorporates by reference, as if fully set forth
11  again herein, the allegations contained in all prior paragraphs of this
12  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
13  that persons with disabilities are entitled to full and equal accommodations,
14  advantages, facilities, privileges, or services in all business establishment of
15  every kind whatsoever within the jurisdiction of the State of California.  Cal.
16  Civ. Code §51(b).

17    44. The Unruh Act provides that a violation of the ADA is a violation of the
18  Unruh Act.  *Cal. Civ. Code* § 51(f).

19    45. Defendants' acts and omissions, as herein alleged, have violated the
20  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's
21  rights to full and equal use of the accommodations, advantages, facilities,
22  privileges, or services offered.

23    46. Because the violation of the Unruh Civil Rights Act resulted in difficulty,
24  discomfort or embarrassment for the plaintiff, the defendants are also each
25  responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* §
26  55.56(a)-(c).

27    47. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights
28  set forth and incorporated therein, Plaintiff requests relief as set forth below.

Complaint

1

2       **PRAYER**:

3           Wherefore, Plaintiff prays that this Court award damages and provide

4       relief as follows:

5           1. A Declaratory Judgment that at the commencement of this action

6       Defendants were in violation of the requirements of the ADA due to

7       Defendants' failures to take action to ensure that its Website was fully

8       accessible to and independently usable by blind and visually-impaired

9       individuals.

10          2. For equitable nominal damages for violation of civil rights. See

11      Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable

12      relief the Court finds appropriate.

13          3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction

14      enjoining Defendants from violating the ADA with respect to its Website.

15          4. Damages under the Unruh Civil Rights Act § 51[2], which provides for

16      actual damages and a statutory minimum of $4,000 for each offense.

17          5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

18      to 42 U.S.C. § 12205; and *Cal. Civ. Code § 52.*

19

20      Dated: October 26, 2021                    CENTER FOR DISABILITY ACCESS

21

22

23

24                                                 By: _____

25                                                 Russell Handy, Esq.
                                                   Attorney for Plaintiff

26      _____

27      [2] Note: the plaintiff is not invoking section 55 of the California Civil Code and

28      is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint